UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

ARLEN J. BROWN (#439457)

VERSUS                                                    CIVIL ACTION

JERRY GOODWIN, ET AL                       NUMBER 09-874-RET-DLD

**NOTICE**

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

    In accordance with 28 U.S.C. §636(b)(1), you have ten days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein.  Failure to file written objections to the proposed findings, conclusions and recommendations within ten days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Signed in Baton Rouge, Louisiana, on February 1, 2010.

                                              **MAGISTRATE JUDGE DOCIA L. DALBY**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

ARLEN J. BROWN (#439457)

VERSUS                                                                    CIVIL ACTION

JERRY GOODWIN, ET AL                                    NUMBER 09-874-RET-DLD

MAGISTRATE JUDGE'S REPORT

Before the court is the application of petitioner Arlen J. Brown for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

Petitioner was found guilty of one count aggravated crime against nature, one count attempted second degree murder and one count second degree kidnapping in the Twenty-third Judicial District Court for the Parish of Ascension, Louisiana on April 26, 2001. Petitioner was sentenced to five years imprisonment on the aggravated crime against nature charge, 25 years imprisonment on the attempted second degree murder charge and 25 years imprisonment on the second degree kidnapping charge. All sentences were imposed at hard labor, without benefit of parole, probation or suspension of sentence, in the custody of the Louisiana Department of Public Safety and Corrections and the sentences were to run concurrently.

The Louisiana First Circuit Court of Appeal affirmed the convictions and sentences. *State of Louisiana v. Arlen Brown*, 2003-1076 (La. App. 1st Cir. 12/31/03), 868 So.2d 775. Petitioner filed a writ of certiorari to the Louisiana Supreme Court. The Louisiana Supreme Court denied review on June 4, 2004. *State of Louisiana v. Arlen Brown*, 2004-0269 (La.

1

6/4/04), 876 So.2d 76.

On June 12, 2006, the petitioner filed an application for post-conviction relief in the district court. On February 12, 2007, the trial court denied review. Petitioner sought review in the Louisiana First Circuit Court of Appeal. The Louisiana First Circuit Court of Appeal denied reviewed. *State of Louisiana v. Arlen Brown,* 2007-1242 (La. App. 1st Cir. 8/7/07). Petitioner sought review by the Louisiana Supreme Court. The Louisiana Supreme Court denied review on September 4, 2009. *State ex rel Arlen Brown v. State of Louisiana*, 2008-0130 (La. 9/4/09), 17 So.3d 953.

Petitioner signed his application for a writ of habeas corpus on October 6, 2009, and it was filed on October 9, 2009.

No evidentiary hearing is required. Petitioner's federal habeas corpus application is untimely.

Under § 2244(d), as amended by the Antiterrorism and Effective Death Penalty Act, a prisoner in custody pursuant to the judgment of a state court has a one year period within which to file an application for a writ of habeas corpus. The limitation period runs from the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review. 28 U.S.C. § 2244(d)(1)(A).

As provided by § 2254(d)(2), the time during which a properly filed application for state post-conviction or other collateral review, with respect to the pertinent judgment or claim, is pending shall not be counted toward any period of limitation under this subsection. A "properly filed application" is one submitted according to the state's procedural requirements, such as the rules governing the time and place of filing. *Lovasz v. Scig*, 134 F.3d 146, 148-49 (3rd Cir. 1998); *Galindo v. Johnson,* 19 F.Supp.2d 697, 701 (W.D. Tex.

1998). A state application is "pending" during the intervals between the state court's disposition of a state habeas corpus petition and the petitioner's timely filing of petition of review at the next level. *Melancon v. Kaylo*, 259 F.3d 401, 406 (5th Cir. 2001). Because a federal habeas corpus application is not an application for "State post-conviction or other collateral review" within the meaning of § 2244(d)(2), the time while the petitioner's first federal habeas corpus application was pending did not toll the period of limitations. *Duncan v. Walker*, 533 U.S. 167, 181-82, 121 S.Ct. 2120, 2129 (2001).

Petitioner's conviction became final on September 4, 2004.[1] By the time the petitioner sought post-conviction relief in the trial court the time limit to file a federal habeas corpus application had already elapsed.[2] Petitioner's federal habeas corpus application was not timely filed.[3]

## RECOMMENDATION

It is the recommendation of the magistrate judge that the petitioner's application for habeas corpus relief be dismissed, with prejudice, as untimely pursuant to 28 U.S.C. §

---

[1] For purposes of § 2244(d)(1)(A), a state conviction becomes final upon the conclusion of direct review or the expiration of the time for seeking such review. Finality is established by the expiration of the 90-day period to seek a petition for writ of certiorari to the Supreme Court. *Roberts v. Cockrell*, 319 F.3d 690, 693 (5th Cir. 2003); *Flanagan v. Johnson*, 154 F.3d 196, 197 (5th Cir. 1998).

[2] Although the entire state court record was not filed, the portions of the state court record attached to the petitioner's federal habeas corpus application are sufficient to determine timeliness of the petitioner's federal habeas corpus application. Moreover, the dates relied upon to determine timeliness are undisputed by the petitioner.

[3] In order for equitable tolling to apply, the applicant must diligently pursue his § 2254 relief. *Coleman v. Johnson*, 184 F.3D 398 (5th Cir. 1999). A review of the record disclosed no "rare and exceptional circumstances" to justify equitable tolling. *Fisher v. Johnson*, 174 F.3d 710 (5th Cir. 1999).

2244(d).

Signed in Baton Rouge, Louisiana, on February 1, 2010.

**MAGISTRATE JUDGE DOCIA L. DALBY**